1 | Richard K. Gustafson II (Bar No. 193914)
2 | Legal Helpers, P.C.
  | 233 S. Wacker Drive, Suite 5150
3 | Chicago, IL 60606
  | Tel: 1.866.339.1156
4 | Fax: 1.312.822.1064
  | Email: rkg@legalhelpers.com
5 | *Attorney for Plaintiff*

FILED
CLERK, U.S. DISTRICT COURT
OCT 15 2010
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION    BY DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

Eric Lee
24179 Cresta Dr.
Crestline, CA 92325

And

Jennifer Lee
24179 Cresta Dr.
Crestline, CA 92325

    Plaintiff,

v.

Legal Recovery Law Offices, Inc.
c/o Richard Sitter, Registered Agent
5030 Camino De La Siesta, #340
San Diego, CA 92108

    Defendant.

Case No.:

ED CV 10 - 01586

Judge:

**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**

**JURY DEMAND ENDORSED HEREIN**

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff Jennifer Lee ("Jennifer") is a "consumer" as defined by 15 U.S.C. §1692a(3).

Complaint - 1

3. Jennifer incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. Plaintiff Eric Lee ("Eric") is Jennifer's lawful spouse.

5. Erica and Jennifer work at the same place of business for the same employer.

6. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

7. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

8. Plaintiffs filed this claim within the timeframe permitted under the FDCPA.

9. On or around June 14, 2010, Defendant telephoned Jennifer at Plaintiffs' place of employment.

10. During this communication, Jennifer transferred the call to Eric.

11. During this communication, Eric notified Defendant that Plaintiffs were not allowed to receive Defendant's telephone calls at their place of employment and/or that it was inconvenient for Plaintiff to receive Defendant's telephone calls at their pace of employment.

12. Despite this notice, Defendant telephoned Plaintiffs at their place of employment at least 2 more times thereafter.

13. During at least one of these communications, Eric again notified Defendant that Plaintiffs were not allowed to receive Defendant's telephone calls at their place of employment and/or that it was inconvenient for Plaintiff to receive Defendant's telephone calls at their place of employment.

14. Defendant damaged Plaintiffs emotionally and mentally and caused Plaintiffs substantial anxiety and stress.

15. Defendant violated the FDCPA.

## COUNT ONE

**Violation of the Fair Debt Collection Practices Act**

16. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

17. Defendant violated 15 U.S.C. §1692c by calling Plaintiffs at Plaintiffs' place of employment after Defendant knew or had reason to know that Plaintiffs' employer prohibited Plaintiffs from receiving Defendant's phone calls.

## COUNT TWO

**Violation of the Fair Debt Collection Practices Act**

18. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

19. Defendant violated 15 U.S.C. §1692c by calling Plaintiffs at a time and/or place known to be inconvenient for Plaintiffs.

## COUNT THREE

**Violation of the Fair Debt Collection Practices Act**

20. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

21. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## COUNT FOUR

**Violation of the Rosenthal Fair Debt Collection Practices Act**

22. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

23. In communicating with Plaintiffs at Plaintiffs' place of employment for purposes other than verifying employment, obtaining location information, or effectuating a garnishment, Defendant violated California Civil Code §§ 1788.12(a).

**JURY DEMAND**

24. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

25. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. Judgment against Defendant for actual damages pursuant to California Civil Code § 1788.30(a), statutory damages for a knowing or willful violation in an amount up to $1,000 pursuant to California Civil Code § 1788.30(b); and reasonable attorneys' fees and costs pursuant to California Civil Code § 1788.30(c).

    c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: _____
Richard K. Gustafson (Bar No. 193914)
233 S. Wacker Drive, Suite 5150
Chicago, IL 60606
Tel: 1.866.339.1156
Fax: 1.312.822.1064
Email: rkg@legalhelpers.com
*Attorney for Plaintiff*